■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v

DAVID REID, Respondent.—Order unanimously reversed on the law, motion denied and matter remitted to Erie County Court for further proceedings on the indictment. Memorandum: We conclude that the suppression court erred in determining that the police did not have probable cause to sustain defendant's warrantless arrest on April 29, 1989. The record establishes defendant's repeated harassment and intimidation of Theresa Drabek commencing on January 8, 1989. On that date the police were called to Drabek's home and told by her that defendant, her ex-boyfriend, had thrown a rock through her window. On March 1, 1989 the police were summoned again to Drabek's home and advised that defendant had threatened her, stating that he had a shotgun in his car that he was going to use on her. Just before March 1, 1989 Drabek had obtained an order of protection directing defendant, who had been calling and harassing her, to stop telephoning her and to stay away from her residence. On March 3, 1989 at 2:30 A.M. the police observed defendant cruising slowly past Drabek's residence. The police stopped defendant and discovered shotgun shells in the front and rear seats of his vehicle and a shotgun in the trunk. On March 9, 1989 Drabek advised the police that shots had been fired at her house. On April 29, 1989 at 2:47 A.M. the police received a call that shots had again been fired at Drabek's home. When the police arrived, they found bullet holes in the wall above Drabek's bed and spent .45 caliber bullets and casings. Although Drabek indicated that she did not see defendant that evening, she repeatedly stated that it was defendant who had fired the shots. The officers, having knowledge of defendant's prior conduct contacted the Buffalo police, requested that defendant be picked up for questioning and indicated that defendant should be considered armed and dangerous. The Buffalo police stopped and arrested defendant less than an hour later and, during their search of his vehicle, discovered a loaded .45 caliber handgun.

In our opinion, the police officers' knowledge of defendant's past conduct toward Drabek, their observations at the scene of the incident, and the fact that defendant was found in his automobile at 3:30 A.M., within an hour of the shooting, provided the police with specific articulable facts which, in light of their experience, established reasonable cause to believe that a crime had been committed and that defendant was the perpetrator (see, CPL 140.10 [1] [b]; see generally, Brinegar v United States, 338 US 160, 175; People v Bigelow, 66 NY2d 417, 423; People v Loewel, 41 NY2d 609, 611). "In

dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *(Brinegar v United States, supra,* at 175.) Here, there was little probability that Drabek's assailant was a stranger to these incidents and a very high degree of probability that it was defendant. Thus, there was probable cause to arrest defendant and search his vehicle. (Appeal from Order of Erie County Court, La Mendola, J.—Suppress Evidence.) Present—Callahan, J. P., Doerr, Denman, Pine and Lawton, JJ.